UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL L. PEREZ | ) | Case No. EDCV 05-1132-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

On December 9, 2005, Daniel L. Perez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability insurance benefits. On December 31, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 14, 2006, defendant filed an Answer to Complaint. On September 20, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On March 11, 2003, plaintiff filed an application for disability insurance benefits.[1] (Administrative Record ["AR"] at 77-79). In his application, plaintiff claimed that, beginning on June 9, 2002, a lower back injury prevented him from working. (AR at 85-86). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 52-56, 63-67). On February 10, 2004, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 68). On March 10, 2005, the ALJ conducted a hearing in San Bernardino, California. (AR at 425-44). Plaintiff appeared at the hearing with counsel and testified. (Id.).

On April 22, 2005, the ALJ issued a decision denying benefits. (AR at 16-24). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: lumbar strain/sprain with discopathy and a history of a previous myoligamentous sprain/strain of the cervical and lumbosacral spine. (AR at 23). The ALJ also determined that these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ further found that plaintiff retained the residual functional for lifting or carrying 20 pounds occasionally, lifting or carrying 10 pounds frequently, standing or walking for six hours in an eight hour workday, and sitting continuously with breaks every two hours for six

---

[1] Plaintiff filed a previous application for benefits on December 14, 1993, alleging an onset date of May 31, 1990. After a hearing, the Administrative Law Judge found that plaintiff was able to perform light work. The decision was appealed to the Appeals Council, which affirmed the ALJ's decision. No further appeal was taken. (AR at 16).

hours in an eight hour workday. (AR at 23). The ALJ also precluded plaintiff from work requiring rapid bipedal movements, more than occasional pushing and pulling, bending, stooping, squatting, kneeling, crawling, unusual climbing of ladders, ropes, or scaffolds, working at unprotected heights, or driving. (Id.). The ALJ concluded that plaintiff was unable to perform his past relevant work as a warehouse stocker, convention center set-up person, and part-time in-home caregiver, but plaintiff retained the physical capacity to perform a full range of unskilled light work. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On June 20, 2005, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 11). On November 8, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 6-9).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider all the available medical evidence in assessing plaintiff's residual functional capacity.

2. The ALJ failed to properly consider plaintiff's subjective complaints and to properly assess his credibility.

3. The ALJ failed to properly develop the vocational aspects of the case.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits her physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of

4

listed impairments that are so severe as to preclude substantial gainful activity. Bowen, 482 U.S. 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity**

Plaintiff asserts that the ALJ erred in evaluating the medical evidence when assessing plaintiff's residual functional capacity. First, plaintiff contends that the ALJ failed to address the opinion of disability given by Jack Akmakjian, M.D., a treating neurologist. (Joint Stipulation at 4). Second, plaintiff contends that the ALJ inaccurately assessed the opinion of Frank J. Coufal, M.D., plaintiff's primary treating physician. (Id.). Finally, plaintiff contends that the ALJ erred in attempting to assess plaintiff's residual functional capacity without the use of a medical expert. (Joint Stipulation at 5). According to plaintiff, these alleged failures in assessing the medical evidence constitute error.

///
///
///

**1.     Dr. Akmakjian**

On August 8, 2002, Dr. Akmakjian examined and performed an evaluation of plaintiff in connection with plaintiff's workers' compensation claim. (AR at 221-25). In his evaluation, Dr. Akmakjian diagnosed plaintiff with acute lumbar strain and wrote that plaintiff "continues to be unable to work." (AR at 224-25). Dr. Akmakjian's later reports on October 7, 2002 and March 24, 2003 did not render an opinion with respect to his ability to work. (AR at 218-20).

A treating physician's opinion is not conclusive as to either functional limitations or the ultimate issue of disability. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record. See 20 C.F.R. §§ 404.1527, 416. 927.

Nonetheless, the medical opinion of plaintiff's treating physician is entitled to special weight. Reddick v. Chatter, 157 F.3d 715, 725 (9th Cir. 1998). Even when no other medical evidence contradicts that opinion, the ALJ must present clear and convincing reasons for disregarding the opinion of a treating physician. See Andrews, 53 F.3d at 1041; see also Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir. 1984). When the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996). Specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the

ALJ's] interpretation thereof, and making findings." <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998).  More than just rendering conclusions, the ALJ must set forth interpretations and explain why his interpretations, rather than the physician's, are correct.  <u>Id.</u>

In his decision, the ALJ wrote that he gave "substantial persuasive weight [to the opinion] of Dr. Akmakjian, a treating neurologist, as the most persuasive evaluation of [plaintiff's] impairments and the degree to which these impairments would hamper him in the performance of job related tasks and duties (20 CFR 404.1527 and 416.927)."  (AR at 21).  Although the ALJ summarized Dr. Akmakjian's examination and diagnoses, he omitted any mention of Dr. Akmakjian's assessment that plaintiff was unable to work in his decision.  Given the special weight accorded treating physicians, the Court finds that the ALJ's failure to acknowledge Dr. Akmakjian's opinion of disability constitutes error.[2]

---

[2]  Without further information, the Court is not persuaded that the ALJ properly characterized Dr. Akmakjian as a "treating neurologist."  (AR at 21).  The record indicates that Dr. Akmakjian only examined plaintiff once in connection with his workers' compensation claim.  In his last evaluation in the record dated March 24, 2003, Dr. Akmakjian wrote, "I had initially seen this patient on August 8, 2002 for AOE/COE evaluation. It was a one time evaluation.  I do not know what the patient's current status is, whether he continues to treat or continues to be symptomatic."  (AR at 219).

Even if the Court construes Dr. Akmakjian as an examining physician, however, the ALJ still failed to properly reject the Dr. Akmakjian's opinion. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) ("As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician."); <u>see also</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1042 (9th Cir. 1995) (even if medical evidence in the record contradicts the examining physician's opinion, the ALJ must still provide specific and legitimate reasons to reject the opinion).  Here, the ALJ did not provide any reason whatsoever for rejecting
(continued...)

7

**2.   Dr. Coufal**

Plaintiff also contends that the ALJ inaccurately assessed the opinion of Dr. Coufal, plaintiff's primary treating physician. Dr. Coufal found plaintiff temporarily and totally disabled for repeated six week periods on June 13, 2002, August 9, 2002, October 25, 2002, January 10, 2003, and February 7, 2003. (AR at 308, 296, 290, 282, 274). In his final evaluation dated April 25, 2003, Dr. Coufal wrote, "The patient has sustained an industrial injury to his lumbar spine that will leave him with a disability precluding substantial work, contemplating that he has lost approximately 75% of his pre-injury capacity for performing such activities as bending, stooping, lifting, pulling, pushing, climbing or other activities involving comparable physical effort." (AR at 263). The ALJ declined to give Dr. Coufal's assessment substantial weight, as he found it "excessive in light of the rest of the treating and examining records." (AR at 21).

Instead, the ALJ also gave substantial persuasive weight to Ian D. Brodie, M.D., F.R.C.S., an examining orthopedist. Dr. Brodie examined plaintiff in connection with his workers compensation claim. On January 6, 2003, Dr. Brodie opined, "[Plaintiff] should be prophylactically restricted from Very Heavy Work." (AR at 250). Dr. Brodie also completed a Qualified or Agreed Medical Evaluator's Findings Summary Form, in which he again opined that plaintiff could return to his usual job with the restrictions that he be prophylactically restricted from very heavy work. (AR at 238). After reviewing additional medical records, Dr. Brodie reiterated his opinion that plaintiff be restricted from very heavy work. (AR at

---

[2](...continued)
Dr. Akmakjian's opinion.

327). Here, Dr. Brodie based his conclusions on his independent clinical findings. "[W]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). As it was within the ALJ's province to resolve the conflicting opinions, the ALJ did not err in rejecting the treating physician's opinion in favor of Dr. Brodie's opinion.

The ALJ also gave substantial weight to the opinions of the State agency physicians. (AR at 21). In a Physical Residual Functional Capacity Assessment, Stuart A. Brodsky, D.O., found that plaintiff was capable of work, with similar exertional limitations adopted by the ALJ. (AR at 322-32). In a Psychiatric Review Technique, H.N. Hurwitz, M.D., found that plaintiff did not suffer from a severe mental impairment. (AR at 374). But here, the opinions of Drs. Bordsky and Hurwitz were not based on independent clinical findings, but rather their review of the medical records. Andrews, 53 F.3d at 1041. Thus, the ALJ's decision to give more weight to the opinions of the two State agency physicians than the treating physician constitutes error.

Because Dr. Brodie's opinion constitutes substantial evidence, however, any error by the ALJ in rejecting the treating physician's opinion in favor of the medical experts constitutes harmless error. See Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 434 (9th Cir. 1988) (applying harmless error standard of review to ALJ's decision and refusing to remand where error was harmless);

Curry, 925 F.2d at 1129 (harmless error rules applies to review of administrative decisions relating to disability); Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (adopting rule that evidence is sufficiently material to require a remand "only where there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him.").

Even if the ALJ failed to give Dr. Coufal's opinion proper weight, defendant argues that Dr. Coufal's opinion is still consistent with the ALJ's determination that plaintiff could perform light work. The Court agrees. While Dr. Coufal found plaintiff totally disabled, his findings were limited to six week periods. (AR at 308, 296, 290, 282, 274). Ultimately, Dr. Coufal opined that plaintiff lost 75 percent of his pre-injury capacity, but made no finding of total disability. (AR at 263). A loss of 75 percent of his pre-injury capacity for physical effort does not necessarily equate to a finding of disability, as plaintiff erroneously contends.[3] Given the fact that plaintiff's prior jobs required substantial physical effort, the Court finds that a 75 percent loss of pre-injury capacity is consistent with the ALJ's decision that he can now perform light work. Furthermore, plaintiff testified that his treating physician, which the court reporter phonetically transcribed as "Dr. Sun Upal," released plaintiff to return to work. (AR at 435). Defendant and the Court

---

[3] Pre-injury, plaintiff's worked as a convention center set-up person and a warehouse stocker. (AR at 101). Plaintiff's work as a convention center set-up person required him to frequently lift 25 pounds; lift up to 50 pounds; and walk, stand, stoop, kneel and grab big objects for most of the day. (AR at 102). Plaintiff's work as a warehouse stocker required him to frequently lift over walk, stand stoop, crouch, and handle big objects for the entire day. (AR at 103-04).

presumes that plaintiff was referring to Dr. Coufal, who appears to be the only treating physician on record. Given the treating physician's opinion that plaintiff could return to work, the Court finds that the ALJ did not err in evaluating Dr. Coufal's opinion when determining that plaintiff could perform light work.

### 3. Medical Expert

Finally, plaintiff contends that the ALJ erred in failing to obtain testimony from a medical expert before assessing plaintiff's residual functional capacity. The ALJ, however, is vested with the authority to interpret the findings of the physicians with regard to plaintiff's functional capacity. See 20 C.F.R. § 404.1527(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."); Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992)(ALJ is charged with resolving ambiguities in the evidence). Given that none of the medical evidence was indefinite and that medical inferences were not required, the ALJ did not err in failing to obtain testimony from a medical expert.

///

///

**C. Remand Is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen, 80 F.3d at 1292.

For the foregoing reasons, the Court finds remand appropriate. The ALJ's failure to address Dr. Akmakjian's opinion of disability constitutes error. On remand, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to support his decision to reject the disability assessment of the physician.[4]

**ORDER**

---

[4] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider plaintiff's subjective complaints, to properly assess his credibility, and to properly develop the vocational aspects of the case. As explained above, however, the ALJ's error in failing to reject Dr. Akmakjian's assessment constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

DATED: January 11, 2007

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE