UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. PEREZ )<br><br>Plaintiff, )<br> )<br>v. )<br> )<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security, )<br> )<br>Defendant. )<br>_____ ) | Case No. EDCV 05-1132-JTL<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

**BACKGROUND**

On December 9, 2005, Daniel L. Perez ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability insurance benefits. On December 31, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 14, 2006, the Commissioner of Social Security, Michael J. Astrue ("defendant") filed an Answer to the Complaint. On September 20, 2006, the parties filed their Joint Stipulation.

On January 11, 2007, this Court entered Judgment and remanded the case to the Administrative Law Judge ("ALJ"), instructing the ALJ to reevaluate the disability assessment of the treating neurologist.

///

1    On April 30, 2007, plaintiff filed an application for attorney's fees under the Equal

2    Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(d), in the amount of $3,156.00.

3    Plaintiff also requested an award of costs incurred in the civil action, which totaled

4    $250.00.  Defendant filed an opposition to plaintiff's application on the grounds that the

5    application was untimely and, in the alternative, the Commissioner's position was

6    substantially justified and plaintiff's fee request is excessive.  Plaintiff did not file a Reply.

7

8                                              **DISCUSSION**

9    The EAJA departs from the general rule that each party to a lawsuit pays his or her

10   own legal fees.  Scarborough v. Principi, 541 U.S. 401, 404-05 (2004).  The EAJA

11   authorizes the payment of fees to a prevailing party in an action against the United States

12   unless the court finds that the government's position in the underlying litigation "was

13   substantially justified."  28 U.S.C. § 2412(d)(1)(A).

14   An EAJA petition must be filed within 30 days of the final judgment in the action.

15   28 U.S.C. § 2412(d)(1)(B).  The 30 day "filing period begins after the final judgment

16   ('affirming, modifying, or reversing') is entered by the court and the appeal period has

17   run, so that the judgment is no longer appealable."  Melkonyan v. Sullivan, 501 U.S. 89,

18   102 (1991).  Because the prescribed appeal period for cases in which the United States is

19   a party is 60 days, Fed. R. App. P. 4(a)(1)(B), a judgment in a social security case is final

20   after the 60-day post-judgment appeal period has run.  Van v. Barnhart, 483 F.3d 600, 607

21   (9th Cir. 2007) (finding the time period to file an application under the EAJA to be 90

22   days after judgment for remand under both sentence four and sentence six of 42 U.S.C.

23   § 405(g)).  An application for fees and costs under the EAJA, therefore, must be filed

24   within 90 days after the entry of judgment.  See Shalala v. Schaefer, 509 U.S. 292, 302

25   (1993) (holding that an EAJA application may be filed up to 30 days after the time for

26   appeal has run pursuant to Rule 4(a)).

27   ///

28

1    Here, the Court entered judgment on January 11, 2007.  The judgment became final

2  sixty days later, on March 12, 2007.  <u>See</u> 28 U.S.C. § 2412(d)(2)(G); Fed. R. App. P.

3  4(a)(1)(B).  Plaintiff had 30 days from that time, or until April 11, 2007, to file an

4  application for fees and costs under the EAJA.  <u>See</u> 28 U.S.C. § 2412(d)(1)(B).  Plaintiff

5  did not file his application until April 30, 2007, 19 days after the filing period ended.

6  Based upon a review of the pleadings filed by the parties in connection with this

7  application, the Court denies plaintiff's application for fees and costs under the EAJA

8  because plaintiff's application is untimely.

9                                    **CONCLUSION**

10    Based on the foregoing, plaintiff's application for fees and costs under the EAJA

11  is DENIED.

12

13  DATED: September 20, 2007

14                                             _____
                                                          /s/
                                               JENNIFER T. LUM
                                               UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28